IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DOC BURNSTEIN'S ICE CREAM LAB, INC., a California corporation, 114 West Branch Street Arroyo Grande, CA 93420<br><br>*Plaintiff,*<br><br>v.<br><br>THE ICE CREAM LAB, INC., a Pennsylvania corporation, 350 South Best Avenue Suite E Walnutport, PA 18088<br><br>*Defendant.* | Case No.:<br><br>COMPLAINT FOR TRADEMARK INFRINGEMENT PURSUANT TO 15 U.S.C. § 1114 *et seq.*, UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN PURSUANT TO 15 U.S.C. § 1125, COMMON LAW UNFAIR COMPETITION AND UNJUST ENRICHMENT<br><br>**(JURY TRIAL DEMANDED)** |

Plaintiff DOC BURNSTEIN'S ICE CREAM LAB, INC. (hereinafter "Plaintiff"), by and through its undersigned attorneys for its Complaint against defendant ICE CREAM LAB, INC. (hereinafter "Defendant"), alleges as follows:

## THE PARTIES

1. Plaintiff is a California corporation, with a place of business at 114 West Branch Street, Arroyo Grande, California, 93420.

2. Plaintiff is informed and believes and thereon alleges that Defendant is a Pennsylvania Corporation, with a place of business at 350 South Best Avenue, Suite E, Walnutport, Pennsylvania, 18088.

## JURISDICTION AND VENUE

3. This Complaint arises under the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and common law. Therefore, this Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121, because this action involves a federal question arising under the laws of the United States.

4. This Court has supplemental jurisdiction over common law claims pursuant to 28 U.S.C. §§ 1338(b) and 1367(a) because the common law claims are so related to the federal question claims that they form part of the same case and controversy.

5. This Court has personal jurisdiction over Defendant because Defendant is incorporated and conducts business in the Commonwealth of Pennsylvania.

6. Venue is proper with this Court pursuant to 28 U.S.C. §§ 1391(b) because Defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claims occurred within this district.

## FACTUAL ALLEGATIONS

7. Plaintiff is in the business of making and selling super-premium ice cream and ice cream novelties, and operates authentic, old-fashioned ice cream parlors serving handcrafted ice cream and ice cream novelties.

8. Plaintiff was granted U.S. Registration No. 3,062,602 (the "'602 Registration") on February 28, 2006, for "DOC BURNSTEIN'S ICE CREAM LAB" with design ("Doc Burnstein's Mark") for "Ice cream and ice cream novelties" in international class ("IC") 030. Plaintiff has been continuously using the Doc Burnstein's Mark in commerce since at least as early as August 22, 2003. A true and correct copy of the '602 Registration is attached hereto as **Exhibit A** and incorporated herein by reference.

9. The '602 Registration was renewed on January 20, 2016, and the Notice of Acceptance Under Section 8 and Notice of Registration Renewal Under Section 9 (collectively, "Notice of Renewal") was issued on March 30, 2016. Thus, the registration is current and remains in force. A true and correct copy of the Notice of Renewal as download from the USPTO's Trademark Status & Document Retrieval system ("TSDR") is attached hereto as **Exhibit B** and incorporated herein by reference.

10. On June 14, 2016, Plaintiff filed a Declaration of Incontestability of the '602 Registration (the "Declaration of Incontestability"). As of the filing of this Complaint, no Notice of

Acceptance of the Declaration of Incontestability has yet been issued by the USPTO. However, Plaintiff anticipates that such acceptance will be forthcoming.

11. In addition to the '602 Registration, and as relevant here, Plaintiff has applied for registration of the word mark "ICE CREAM LAB" (the "Ice Cream Lab Mark"), U.S. Serial No. 87014204, filed April 26, 2016 in IC 030 for "Ice cream; Ice cream confections; Fudge; and Brownie mix", in IC 043 for "Ice cream parlors", and in IC 029 for dairy products excluding ice cream, ice milk and frozen yogurt" (the "'204 Application"). Plaintiff has been using "ICE CREAM LAB" in commerce since at least as early as May 26, 2003. A true and correct copy of the '204 Application, as downloaded from TSDR is attached hereto as **Exhibit C** and incorporated herein by reference.

12. Plaintiff has spent significant time, effort and money developing the recognition and goodwill of its Doc Burnstein's Mark and the Ice Cream Lab Mark. Through Plaintiff's continued use of its Doc Burnstein's Mark and the Ice Cream Lab Mark, Plaintiff's super-premium ice cream and ice cream parlors have become associated in the minds of consumers with Plaintiff. Consequently, both Doc Burnstein's Mark and the Ice Cream Lab Mark have acquired secondary meaning with the relevant consuming public as being affiliated, connected or associated with Plaintiff.

13. On August 2, 2013, Defendant filed a U.S. trademark registration application for "THE ICE CREAM LAB" with design ("Defendant's Mark"), U.S. Serial No. 86026955 (the '955 Application"), in IC 041 for "Educational services, namely, conducting ice cream making science experiment seminars, workshops and field trips demonstrating ice cream making and teaching ice cream history," and in IC 043 for "Ice cream shop services in the nature of restaurant and catering services." Defendant claims use in commerce of Defendant's Mark at least as early as January 15, 2009. A true and correct copy of the '955 Application as download from TSDR is attached hereto as **Exhibit D** and incorporated herein by reference.

14. On July 14, 2014, the Examining Attorney in the '955 Application issued a final Office Action (the "Final Action"), which refused for a second time registration of Defendant's Mark on the ground that there is a likelihood of confusion between Defendant's Mark and

Plaintiff's Mark. A true and correct copy of the Final Action as downloaded from TSDR is attached hereto as **Exhibit E** and incorporated herein by reference.

15. Subsequent to issuance of the Final Action, and on January 13, 2015, Defendant filed Proceeding No. 92060670 (the "Cancellation Proceeding") with the Trademark Trial and Appeal Board, seeking to cancel the Doc Burnstein's Mark on the sole ground that the '602 Registration was obtained fraudulently. Plaintiff maintains there was no fraud.

16. On January 28, 2015, the Examining Attorney issued a Suspension Notice in the '955 Application, pending outcome of the Cancellation Proceeding. As of the date of the filing of this action, the '955 Application remains suspended.

17. After initiation of the Cancellation Proceeding, and from about April 2015 to about July 2015, Plaintiff and Defendant attempted to resolve their dispute over Defendant's unauthorized use of Plaintiff's trademark. However, negotiations between the parties broke down. Subsequently both Plaintiff and its counsel sent letters to Defendant and its counsel, demanding that Defendant cease use of "ICE CREAM LAB" as part of its business name or in relation to its ice cream products and services. True and correct copies of the letters sent to Defendant and its counsel are attached hereto collectively as **Exhibit F** and incorporated herein by reference.

18. On June 2, 2016, following a summary judgment motion filed by Plaintiff, the parties stipulated to dismissal of the Cancellation Proceeding with prejudice. A true and correct copy of the Board Decision, dismissing the proceeding with prejudice, is attached hereto as **Exhibit G** and incorporated herein by reference.

19. On June 14, 2016, Plaintiff sent another letter to Defendant again demanding that Defendant cease its unauthorized use of "ICE CREAM LAB." A true and correct copy of this letter is attached hereto as **Exhibit H** and incorporated herein by reference.

20. Despite receiving notices of its infringing activities, Defendant continues to use Defendant's Mark in a manner that is confusing similar to Plaintiff's Mark, and has failed and refused, and continues to fail and refuse, to cease and desist using Defendant's Mark.

21. Plaintiff and Defendant's Marks are similar in appearance and commercial impression, the products and services provided by Plaintiff and Defendant are related, and both Plaintiff and Defendant advertise their products and services in the same channels of trade.

22. Plaintiff is informed and believed and thereon alleges that there has been actual confusion regarding the source of Defendant's services because of the confusingly similar nature of Defendant's Mark when compared to Plaintiff's Mark.

23. Defendant's continued use of Defendant's Mark is undermining Plaintiff's brand identity, and such use by Defendant has and is likely to continue to cause confusion or mistake among consumers and/or deceive consumers with respect to the origin and quality of Defendant's products or services.

24. Defendant has not received authorization, nor obtained a license from Plaintiff for use of Plaintiff's trademark.

25. Defendant's use of its mark, with the full knowledge of Plaintiff's Mark and Plaintiff's superior rights constitutes willful infringement of Plaintiff's Mark, aimed at preventing Plaintiff from continuing to build a business around a mark that Plaintiff has long possessed.

## FIRST CLAIM FOR RELIEF

### Trademark Infringement Pursuant to Section 32 of the Lanham Act

### (15 U.S.C. § 1114)

26. Plaintiff repeats and hereby incorporates by reference, as though fully set forth herein, all of the allegations of paragraphs 1 through 25 above.

27. Doc Burnstein's Mark is distinctive.

28. Defendant's wrongful use of "ICE CREAM LAB" constitutes infringement of Plaintiff's registered trademark "DOC BURNSTEIN'S ICE CREAM LAB" with design, and is likely to cause confusion, mistake and deception of the public as to the source and origin of Defendant's goods in violation of 15 U.S.C. § 1114.

29. Defendant is using its infringing mark with full knowledge of Plaintiff's registration and rights in the use of its mark, in an attempt to capitalize on Plaintiff's Mark and its associated goodwill.

30. As a direct and proximate result of the above wrongful acts and conduct of Defendant, Plaintiff has suffered damages. In addition, Plaintiff has suffered and, if not enjoined, will continue to suffer the loss of the goodwill and reputation established by Plaintiff in Plaintiff's Mark, for which damages cannot be adequately calculated, resulting in irreparable harm for which Plaintiff has no adequate remedy at law.

31. Defendant's actions constitute willful infringement of Plaintiff's Mark, and the knowing and intentional nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

32. Accordingly, Plaintiff is entitled to monetary damages, and temporary, preliminary and permanent injunctive relief.

## SECOND CLAIM FOR RELIEF

**Unfair Competition and False Designation of Origin Pursuant to Section 43 of the Lanham Act**

**(15 U.S.C. § 1125(a))**

33. Plaintiff repeats and hereby incorporates by reference, as though fully set forth herein, all of the allegations of paragraphs 1 through 32 above.

34. Defendants' wrongful use of Defendant's Mark in connection with ice cream shop services, which is such a colorable imitation of Plaintiff's registered trademark, is likely to cause confusion or mistake, or deceive consumers as to the affiliation, connection or association of Defendant's products, or deceive consumers as to the origin, sponsorship or approval by Plaintiff of Defendant's products and/or services in violation of 15 U.S.C. § 1125(a).

35. Defendant has deliberately and willfully used the mark "ICE CREAM LAB" to trade on Plaintiff's long-standing and hard-earned goodwill in its name and marks and the reputation established by Plaintiff in connection with Plaintiff's products and services.

36. Defendant's unauthorized conduct has also deprived and will continue to deprive Plaintiff of the ability to control consumer perception of its products and services offered under Plaintiff's Mark, placing Plaintiff's valuable reputation and goodwill in the hands of Defendant.

37. Defendant had full knowledge of Plaintiff's prior use and the rights in Plaintiff's Mark before the acts complained of herein. The knowing, intentional and willful nature of the acts set forth herein renders this an exceptional case under 15 U.S.C. § 1117(a).

38. Defendant's conduct described above has caused and, if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Plaintiff, and its business, reputation and goodwill.

39. As a direct and proximate result of the above wrongful acts and conduct of Defendant, Plaintiff has suffered damages. In addition, Plaintiff has suffered and, if not enjoined, will continue to suffer the loss of the goodwill and reputation established by Plaintiff in Plaintiff's Mark, for which damages cannot be adequately calculated, resulting in irreparable harm for which Plaintiff has no adequate remedy at law.

40. Accordingly, Plaintiff is entitled to monetary damages, and temporary, preliminary and permanent injunctive relief.

### THIRD CLAIM FOR RELIEF
#### Common Law Unfair Competition

41. Plaintiff repeats and hereby incorporates by reference, as though fully set forth herein, all of the allegations of paragraphs 1 through 40 above.

42. This cause of action arises under common law.

43. Plaintiff and Defendant are competitors in the same business of providing ice cream and ice cream parlor services.

44. Plaintiff has expended a great deal of time, money and effort in the design, advertising and marketing of its ice cream and ice cream parlor services.

45. Plaintiff is informed and believes and thereon alleges that Defendant has intentionally and willfully set out to appropriate the labors and expenditures of Plaintiff by usurping

Plaintiff's Mark, the result of which is misleading, deceptive and likely to cause consumer confusion between Defendant's Mark and Plaintiff's Mark.

46. Defendant's activities constitute common law unfair competition and unfair trade practices.

47. Defendant's conduct described above has caused and, if not enjoined, will result in the loss of the exclusive rights and benefits that Plaintiff is entitled to enjoy under the common law and will continue to cause irreparable damage to the rights of Plaintiff in Plaintiff's Mark, and its business, reputation and goodwill.

48. Plaintiff is informed and believes and thereon alleges that Defendant will continue to infringe Plaintiff's Mark to the detriment of Plaintiff unless restrained by this Court.

49. As a direct and proximate result of the above wrongful acts and conduct of Defendant, Plaintiff has suffered damages. In addition, Plaintiff has suffered and, if not enjoined, will continue to suffer the loss of the goodwill and reputation established by Plaintiff in Plaintiff's Mark, for which damages cannot be adequately calculated, resulting in irreparable harm for which Plaintiff has no adequate remedy at law.

50. Accordingly, Plaintiff is entitled to monetary damages, and temporary, preliminary and permanent injunctive relief.

## FOURTH CLAIM FOR RELIEF
### Unjust Enrichment

51. Plaintiff repeats and hereby incorporates by reference, as though fully set forth herein, all of the allegations of paragraphs 1 through 50 above.

52. This cause of action arises under common law.

53. By the acts and activities of Defendant complained of herein, Defendant has been unjustly enriched.

54. Defendant's conduct described above has caused, and if not enjoined, will continue to cause irreparable damage to the intellectual property rights of Plaintiff, and its business, reputation and goodwill.

55. Plaintiff is informed and believes and thereon alleges that Defendant will continue to infringe Plaintiff's valuable intellectual property to the detriment of Plaintiff unless restrained by this Court.

56. As a direct and proximate result of the above wrongful acts and conduct of Defendant, Plaintiff has suffered damages. In addition, Plaintiff has suffered and, if not enjoined, will continue to suffer the loss of the goodwill and reputation established by Plaintiff in Plaintiff's Mark, for which damages cannot be adequately calculated, resulting in irreparable harm for which Plaintiff has no adequate remedy at law.

57. Accordingly, Plaintiff is entitled to monetary damages, and temporary, preliminary and permanent injunctive relief.

**WHEREFORE**, Plaintiff prays for relief against Defendant as follows:

1. That the Court preliminarily and permanently enjoins and restrains Defendant, its officers, directors, agents, employees, representatives, and all other persons acting for, with, by, through or under authority from Defendant, and each of them, from doing, causing, aiding or abetting any of the following:

   (a) Infringing or contributing to the infringement of Plaintiff's Mark;

   (b) Engaging in any acts or activities directly or indirectly calculated to infringe Plaintiff's Mark;

   (c) Selling, offering for sale, promoting, advertising, marketing or distributing, advertisements, marketing materials, press releases and/or any other materials that contain false designation of origin;

   (d) Using any designation, term, mark, slogan, logo, configuration or design that is confusingly similar to Plaintiff's Mark; and

   (e) Otherwise competing unfairly with Plaintiff in any manner whatsoever.

2. That the Court finds that Defendant is infringing Plaintiff's Mark, is competing unfairly with Plaintiff, and otherwise has been unjustly enriched.

3. That the Court orders Defendant to change its company name, website, domain name, company email address, and destroy all advertisements, marketing materials, newsletters,

press releases, literature, brochures, promotional materials and/or other communications to the public that contain a mark confusingly similar to Plaintiff's Mark.

4. That the Court orders Defendant to account for and pay to Plaintiff damages as a consequence of infringement of Plaintiff's Mark.

5. That the Court orders Defendant to account for and pay to Plaintiff all profits received by Defendant from its unlawful acts, and for its unjust enrichment.

6. That the Court award Plaintiff its actual damages.

7. That the Court award Plaintiff compensatory, incidental and consequential damages.

8. That the Court award Plaintiff enhanced, treble and/or punitive damages because of Defendant's willful actions.

9. That the Court award Plaintiff its reasonable attorney's fees and the costs of this action.

10. That the Court grants Plaintiff such other relief as just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all triable issues.

Respectfully submitted,

COZEN O'CONNOR

By: James H. Heller
One Liberty Place | Suite 2800
1650 Market Street
Philadelphia, PA 19103
*JimHeller@cozen.com*
Tel: 215-665-2189
Fax: 215-701-2189

Dated: July 18, 2016